**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**
**No. 97-41534
Summary Calendar**

**KATHERINE M. MILLIKEN,**

**Plaintiff-Appellant,**

**versus**

**MICHAEL GRIGSON; BARBARA GRIGSON,**

**Defendants-Appellees.**

_____

**Appeal from the United States District Court,
for the Southern District of Texas
(G-97-CV-232)**

_____

September 1, 1998

Before KING, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Katherine Milliken appeals the summary judgment dismissing her diversity action against Michael and Barbara Grigson for recovery of $137,346, allegedly the balance of fees (those allegedly in excess of services not covered by health insurance, workers' compensation, or otherwise) owed for providing mental health services and case management. The district court held that Milliken was collaterally estopped from pursuing her claim against the Grigsons, because that issue had been resolved in an arbitration in which the Grigsons were a party and Milliken in

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

privity. Of course, we review a grant of summary judgment *de novo*. *E.g., Channer v. Hall*, 112 F.3d 214, 216 (5th Cir. 1997).

In 1994, Barbara Grigson gave Milliken a $75,000 check, allegedly in partial payment of the fees; but the Grigsons stopped payment on the check. However, First Interstate Bank of Texas wrongfully honored the check, giving Milliken a certified check. Upon realization of this mistake, the Bank stopped payment on the certified check.

The Bank entered arbitration with Milliken and the Grigsons. As a result of the arbitration with Milliken, the Bank paid her the $75,000, in exchange for her assigning to the Bank her claim for the $75,000 against the Grigsons. In the arbitration between the Bank and the Grigsons, the arbitrator found that "Dr. Milliken's invoices and records tendered in evidence and the testimony given at the hearing are too ambiguous, inconclusive and erroneous to establish what if anything further is owed by the Grigsons to Dr. Milliken for the [s]ervices in addition to the insurance monies ... already received".

Milliken contends that she is not collaterally estopped because, in the agreement to assign her rights to the Bank, she specifically reserved the right to her claim for amounts in excess of the $75,000. Therefore, she contends, the arbitration between the Grigsons and the Bank concerned only whether the $75,000 was owed, not whether she is entitled to the balance.

Milliken made these contentions before the district court; we, likewise, find them unpersuasive. Accordingly, for essentially

the reasons stated in the district court's order, *Milliken v. Grigson*, No. 97-CV-232 (S.D. Tex. Nov. 21, 1997), the judgment is

*AFFIRMED.*

3